FILED

2019 NOV 25 PM 3: 29

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TAI'S BROS. CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>AQUA BREEZE, INC and BLUE OCEAN SPORTS GUAM, INC.,<br><br>       Defendants.<br><br>AQUA BREEZE, INC.,<br><br>       Cross-Claim Plaintiff,<br><br>    v.<br><br>BLUE OCEAN SPORTS GUAM, INC.,<br><br>       Cross-Claim Defendant. | Case No. CV1119-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on October 7, 2019 on submission of Defendant Aqua Breeze Inc.'s ("Aqua Breeze") Motion for Summary Judgment. Plaintiff Tai's Bros. Corporation ("Plaintiff") is represented by Attorney Zachary G. Damian. Aqua Breeze is represented by Attorney Louie J. Yanza. Defendant Blue Ocean Sports, Inc. ("Blue Ocean") has not appeared. After considering the arguments of the parties and the

applicable law, the Court now issues its Decision and Order granting Defendant Aqua Breeze's Motion for Summary Judgment.

## BACKGROUND

In June 2016, Plaintiff and Blue Ocean entered into an Automobile Lease Agreement ("Lease Agreement"). The Lease Agreement had a term of four (4) years. Plaintiff alleges that Blue Ocean subsequently changed its name to Aqua Breeze. Aqua Breeze allegedly returned the vehicles to Plaintiff in August 2018, entitling Plaintiff to an early return fee pursuant to the terms of the Lease Agreement. Additionally, Plaintiff alleges Aqua Breeze failed to pay lease payments for June and July 2018. Blue Ocean has not appeared in this action. Aqua Breeze filed an Answer, asserting an affirmative defense that Aqua Breeze is not a successor in interest to Blue Ocean or to any entity. Aqua Breeze argues Blue Ocean is the responsible party for Plaintiff's damages.

Plaintiffs filed its Complaint on November 27, 2018. Aqua Breeze filed its Answer on December 20, 2018. Aqua Breeze filed its Motion to Summary Judgment on August 23, 2019. Plaintiff did not file an opposition. At the hearing set for this matter, Plaintiff indicated it did not oppose Aqua Breeze's Motion for Summary Judgment. Minute Entry (Oct. 7, 2019). After hearing the arguments of the parties on October 7, 2019, the Court took the matter under advisement.

## DISCUSSION

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and that the moving party is entitled to a judgment as a matter of law. Guam R. Civ. P. 56(c); *see also Izuka Corp. v. Kawasho Int'l (Guam), Inc.*,

1997 Guam 10 ¶ 7; *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8. The movant bears the burden of demonstrating that there are no genuine issues of material fact. *See Izuka Corp.*, 1997 Guam 10 ¶ 8. A genuine issue is exists if there is significant evidence establishing a factual dispute which must be resolved by a fact finder. *Id.* A material fact is "one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *Id.* Disputes over irrelevant or immaterial facts does not preclude a grant of summary judgment. *Id.* In rendering its decision, the Court must examine the evidence in the light most favorable to the non-moving party. *Bank of Guam*, 2004 Guam 25 ¶ 7. If the moving party establishes a lack of genuine issue of material fact, the non-moving party must present specific facts showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**A.      There is no genuine issue of material fact.**

The pleadings and declarations reveal the factual issue presented: did Aqua Breeze take any actions which would constitute an assumption of the terms of the Lease Agreement between Plaintiff and Blue Ocean? Aqua Breeze asserts neither the President of Aqua Breeze, Dominic Soumetaw, nor anyone else at Aqua Breeze assumed the terms of the lease agreement between Blue Ocean and Plaintiff. Soumetaw Dec. at 2 (Aug. 23, 2019). In interrogatories, Aqua Breeze asked Plaintiff to provide the following information: (1) the name of the person that changed Blue Ocean's trade name to Aqua Breeze; (2) the name of the person who acted on behalf of Aqua Breeze to assume the terms of the Lease Agreement; and (3) the name of the person from Tai's Bros. Corporation who agreed or consented to Aqua Breeze alleged assumption of the terms of the Lease Agreement. Yanz Decl., Exh. A at 3 (Aug. 23, 2019). Plaintiff responds in the interrogatories, noting it was unaware of any person who purportedly changed Blue Ocean's trade name to Aqua Breeze. *Id.* In response to the interrogatories about assuming the terms of

the Lease Agreement, Plaintiff points to one email from Tsutomo Kinoshita of Aqua Breeze to change the company name on the invoice as evidence of an assumption of the terms (and the subsequent consent to the assumption). *Id.* Aqua Breeze asserts "Kinoshita is not a shareholder, director, or officer of Aqua Breeze." Motion for Summary Judgment at 2. Plaintiff, however, did not directly address the question of naming a person who assumed the terms of the Lease Agreement on behalf of Aqua Breeze.

Plaintiff did not file an opposition to Aqua Breeze's Motion for Summary Judgment. At hearing on Aqua Breeze's motion, Plaintiff indicated it does not oppose Aqua Breeze's motion. As such, the Court accepts the asserted facts in Aqua Breeze's motion and declarations, finding no genuine issue or dispute of material fact. The burden then shifted to Plaintiff to "present specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 325. Plaintiff chose not to do so.

**B.      Aqua Breeze is entitled to judgment as a matter of law.**

"[W]hen a corporation purchases or otherwise acquires the assets of another corporation, the acquiring corporation does not ordinarily assume the selling corporation's debts and liabilities." *Wilson v. Metals, USA, Inc.*, No. 2:12-cv-568-KJM-DB, 2017 WL 2972608, at *6 (E.D. Cal. July 12, 2017) (citing *Fisher v. Allis-Chalmers Corp. Prod. Liab. Tr.*, 95 Cal. App. 4th 1182, 1188 (2002)). There are four well recognized exceptions to this rule, under which the purchasing corporation becomes liable for the debts and liabilities of the selling corporation:

> (1) Where the purchaser expressly or impliedly agrees to assume such debts; (2) where the transaction amounts to a consolidation or merger of the corporations; (3) where the purchasing corporation is merely a continuation of the selling corporation; and (4) where the transaction is entered into fraudulently in order to escape liability for such debts.

*Pierce v. Riverside Mortg. Sec. Co.*, 25 Cal. App. 2d 248, 255 (1938).

The Complaint alleges "Defendant Blue Ocean Sports Inc. subsequently changed its trade name to Aqua Breeze, Inc. and assumed the terms of the Agreement." Complaint at 1. Aqua Breeze asserts it did not assume the terms of the Lease Agreement, and Plaintiff was unable to point to specific events, in responding to Aqua Breeze's interrogatories, which indicated an assumption of terms by Aqua Breeze. *See* Soumetaw Decl. at 2; Yanz Decl., Exh. A at 3. The only evidence of assumption of the terms of the Lease Agreement Plaintiff offered was that Tsutomo Kinoshita from Aqua Breeze asked the name on an invoice to be changed from Blue Ocean to Aqua Breeze. As established, Kinoshita is not a shareholder, director, or officer of Aqua Breeze. There is further no document presented showing an assumption of liabilities and debts between Blue Ocean and Aqua Breeze.

Absent an express or implied assumption of Blue Ocean's liabilities and debts, Aqua Breeze does not, by law, assume Blue Ocean's liabilities and debts. The Court does not find that Kinoshita's request to change the name on an invoice from Blue Ocean to Aqua Breeze sufficiently constituted an express or implied assumption of Blue Ocean's liabilities. From a review of pleadings and declarations, it does not appear that Plaintiff suggests the latter three recognized exceptions to successor liability apply.

As Plaintiff did not file an opposition and indicated at hearing that it does not oppose Aqua Breeze's motion, the Court finds Aqua Breeze is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, Aqua Breeze's Motion for Summary Judgment is **GRANTED**. Aqua Breeze has established there is no genuine issue of material fact, and Plaintiff has not submitted specific facts which would tend to show a genuine issue for trial. Based on successor liability principles and a lack of showing that Aqua Breeze expressly or

impliedly assumed the terms of the Lease Agreement, Aqua Breeze is also entitled to judgment as a matter of law.

**IT IS SO ORDERED** this 25th day of November, 2019.



HONORABLE ALBERTO C. LAMORENA III
**Presiding Judge, Superior Court of Guam**

SERVICE VIA COURT ᴮᵒ
I acknowledge that a copy of the original hereto was placed in the court box of:

Date:_____ Time:_____

Deputy Clerk, Superior Court of Guam